## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00299-DOC-JDE                    Date:  April 24, 2024

Title: YEONG LEE V. HYELAND TOWING INC. ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

|  Karlen Dubon  |  Not Present  |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [15]**

Before the Court is Plaintiff Yeong Lee's Motion for Default Judgment ("Motion" or "Mot.") (Dkt. 15). The Defendant in this case is Hyeland Towing, Inc. ("Defendant"). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. The Court GRANTS IN PART AND DENIES IN PART the Motion.

## I.    Background

### A.  Facts

The following facts are taken from the Complaint ("Compl.") (Dkt. 1). Plaintiff is a California resident with a physical disability who uses a wheelchair. Compl. ¶ 1. In November 2023, Plaintiff went to Defendant's business. While there, she "personally encountered a number of barriers that interfered with her ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business." *Id.* ¶ 12. Specifically, the business lacked accessible parking. *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00299-DOC-JDE                                    Date: April 24, 2024

### B. Procedural History

Plaintiff brought this lawsuit on February 12, 2024. After Defendant did not answer the complaint, the clerk entered default against it on April 8, 2024. *See* Dkt. 13. Plaintiff filed the instant Motion on April 18, 2024.

Plaintiff brought five causes of action: (1) violation of the Americans with Disabilities Act ("ADA"), (2) violation of California's Unruh Civil Rights Act, (3) violation of California's Disabled Persons Act, (4) violation of California Health & Safety Code; and (5) general negligence. The Court considers Plaintiff's second through fifth causes of action before turning to the federal claim.

## II.    Plaintiff's State Law Causes of Action

### A. Legal Standard

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, district courts have discretion to decline to exercise supplemental jurisdiction:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Federal courts may decline to exercise supplemental jurisdiction over state law claims for many factors, including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00299-DOC-JDE                              Date: April 24, 2024

Page 3

between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. §§ 1367(c)(1)-(3), *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998), but does require a district court to "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Executive Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994). When declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), "the court must identify the predicate that triggers the applicability of the category (the exceptional circumstances), and then determine whether, in its judgment, the underlying *Gibbs* values are best served by declining jurisdiction in the particular case (the compelling reasons)." *Id.*

###     B.  Application

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio (Am.) Corp.*, Case No. CV 3:18-1840 CAB (MDD), 2018WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). Furthermore, high frequency litigants are subject to a special filing fee and further heightened pleading requirements. *See* Cal. Gov. Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A).

Here, Plaintiff's Unruh, Disabled Persons Act, Health & Safety Code, and negligence claims are construction-related accessibility claims because all claims challenge Defendant's failure to provide accessible parking for persons with disabilities. *See* 42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304(a)(16) (2010). Therefore, Plaintiffs' state law claims are subject to California's heightened pleading requirement.

As a result, the Court declines supplemental jurisdiction over Plaintiff's state law claims. These heightened pleading standards and fees, combined with the immense burden of combined ADA/state law cases in this district, presents "exceptional circumstances" and "compelling reasons" that justify the Court's decision to decline

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00299-DOC-JDE                    Date: April 24, 2024

Page 4

supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(4). *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (declining supplemental jurisdiction to discourage ADA plaintiffs' "use [of the] federal court[s] as an end-around to California's pleading requirements"). Courts have declined supplemental jurisdiction for these types of claims when tacked onto ADA claims because doing so circumvents California's pleading requirements. *See Spikes v. All Pro Auto Repair, Inc.*, Case No. 19-CV-1591 CAB (WVG), 2019 WL 4039664, at *2 (S.D. Cal. Aug. 26, 2019); *Ghadiri v. American Ace Supply Inc.*, Case No. CV 19-09280 CJC (SSx), 2019 WL 11005295, at *3-4 (C.D. Cal. Nov. 19, 2019); *Spikes v. Essel Commercial, L.P.*, Case No. 19-CV-1592 JM (MSB), 2020 WL 1701693, at *8 (S.D. Cal. Apr. 9, 2020).

Additionally, the Court sees little prejudice in requiring Plaintiff to litigate her state law claims in state court. Indeed, "if [P]laintiff legitimately seeks to litigate this action in a single forum, [P]laintiff may dismiss this action and refile it in state court in accordance with the requirements California has imposed on such actions." *Garibay v. Rodriguez*, Case No. 2:18-CV-09187-PA-AFM, Dkt. 43 at 8 (C.D. Cal. August 27, 2019).

## III.    Plaintiff's ADA Claim

### A.  Legal Standard

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b). Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g., Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00299-DOC-JDE                                Date: April 24, 2024

Page 5

When deciding whether to enter default judgment, courts consider seven factors:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### B. Application

Plaintiff has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Application by working through each *Eitel* factors in turn.

### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires the Court to consider the harm to Plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment, Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented. *See id.* Plaintiff alleges that she has encountered barriers at the business and is being deterred from further patronizing it. Compl. ¶ 14. Defendant has failed to defend against the action, denying Plaintiff her rights under the ADA. Accordingly, the Court finds that this factor weighs in favor of default judgment.

### 2. Merits of Claim and Sufficiency of the Complaint

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). In their analyses of the second and third *Eitel* factors, courts accept

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00299-DOC-JDE                                    Date: April 24, 2024

Page 6

as true all well-pleaded allegations regarding liability. *See Fair Hous. Of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Plaintiff alleges that Defendant owns, operates, and/or leases the business and are therefore liable for violating the ADA, if Plaintiff shows that she suffered discrimination at the location due to her disability. A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part. 28 C.F.R. 35.211(a).

As a threshold matter, Plaintiff has standing to pursue her ADA claim. Plaintiff alleges that she was denied full and equal access to the business and is deterred from going in the future. Compl. ¶ 14. The Court accepts these allegations as true because of Defendant's default. *See Fair. Hous. of Marin*, 285 F.3d at 906. Plaintiff also alleges that the barriers and conditions at issue were the cause of the denial of access to the business. *See* Compl. ¶ 14. Plaintiff has also shown that she was denied public accommodation as a result of her disability. *Id.* ¶ 11.

Injunctive relief may address these issues. Where injunctive relief is sought, a plaintiff must demonstrate "significant possibility of future harm." *See San Diego Cty. Gun Rights Comm v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996). "Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). Here, Plaintiff alleges that she is deterred from patronizing the business again because of its barriers and conditions. Therefore, Plaintiff has standing to seek injunctive relief. Compl. ¶ 14.

Plaintiff has further shown that Defendant owns, leases, or operates the business as a place of public accommodation. A service establishment is a place of public accommodation. *See* 42 U.S.C. § 12181(7)(B). Plaintiff asserts that Defendant has some

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-00299-DOC-JDE                    Date: April 24, 2024

Page 7

control over the business. Compl. ¶ 17. Accepting these allegations as true, Plaintiff has
shown Defendant owns a place of public accommodation.

Finally, by failing to maintain the facility to be readily accessible and usable by
Plaintiff, Defendants have violated her rights under the ADA. The violations the plaintiff
alleges include a lack of accessible parking for persons with disabilities. Compl. ¶ 13.
Federal regulations provide that designated parking spaces for persons with disabilities
exist in a minimum ration and be clearly marked with standard signage, consistent with
California's building code. 36 C.F.R. 1191. Because the parking spaces were
inadequately marked and did not have proper access aisles, the court finds that Plaintiff
has stated a cause of action under the ADA.

### 3.  Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the
seriousness of the [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This
requires the Court to assess whether the recovery sought is proportional to the harm
caused by the defendants' conduct. *See Walters v. Statewide Concrete Barrier, Inc.*,
No. C 04-2559 JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of
money at issue is reasonably proportionate to the harm caused by the defendants' actions,
then default judgment is warranted."). "Default judgment is disfavored when the sum of
money at stake is too large or unreasonable in relation to defendants' conduct." *Vogel v.
Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, because the state law claims have been dismissed, Plaintiff's only monetary
remedy is attorney's fees plus costs. Such an award is not disproportional to the harm
caused. The Court determines that the fourth *Eitel* factor weighs in favor of default
judgment.

### 4.  Possibility of Factual Disputes

The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to
material facts in the case. Where a plaintiff's complaint is well-pleaded and the
defendants make no effort to properly respond, the likelihood of disputed facts is very

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00299-DOC-JDE                          Date: April 24, 2024

Page 8

low. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010).

Here, Plaintiff provided a well-pleaded complaint and Defendant failed to dispute the allegations. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). Accordingly, this factor weighs in favor of default judgment.

### 5.  Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendants' default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471-72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendant were properly served with the Complaint and the Motion. *See* Dkt. 11. However, no answer or other response was filed. Defendant have simply made no effort to defend this suit. Because the likelihood of excusable neglect is very low, this factor weighs in favor of default judgment.

### 6.  Strong Policy Favoring Decisions on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the very existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and defend. *Id.* ("Defendant's failure to answer plaintiff's complaint makes a decision on the merits impractical, if not impossible."). Since the Defendant has not responded to Plaintiff's Complaint, the Court is not precluded from entering judgment.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00299-DOC-JDE                    Date: April 24, 2024

Page 9

Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against Defendant.

### C. Remedies

Having determined that default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,] . . . plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "declarations, calculations, and other documentation of damages in determining if the amount at stake if reasonable" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. Am. Mail Ctrs., Inc.*, Case No. SA CV 16-0042-DOC (KESx), 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

Plaintiff seeks injunctive relief under the ADA. "In the case of violations [of the accessibility provisions] of [the ADA], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . ." 42 U.S.C. § 12188(a)(2). Injunctive relief is proper here, as the Court has found Plaintiff has pleaded a valid claim under the ADA and the removal of the barriers is readily achievable. Therefore, the Court ORDERS Defendant to remedy the lack of accessible parking at the business to the extent that Defendant can legally do so.

Plaintiff also seeks damages in the amount of $4,000 and fees and costs. "Damages," however, "are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Therefore, Plaintiff is not entitled to monetary damages.

The ADA gives courts discretion to award fees and costs to prevailing parties. 42 U.S.C. § 12205. Calculating attorney's fees using the default fee schedule under Local Rule 55 is inappropriate because the monetary damages are zero, therefore the lodestar method is preferred. *Lee v. MYGD, Inc.*, Case No. 8:22-CV-00188 DOC (JDEx), 2022

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-00299-DOC-JDE                                      Date: April 24, 2024

Page 10

WL 3137941, at *4 (C.D. Cal. Apr. 26, 2022). Here, Plaintiff seeks $2,285 in fees and provides billing documentation of the hours and costs incurred in prosecuting this case. *See* Dkt. 15-2, Ex. A Therefore, the Court awards $2,285 in fees and costs in the amount of $590.

**IV.    Disposition**

        For the reasons set forth above, the Court **GRANTS IN PART** Plaintiff's Motion for Default Judgment and **DISMISSES WITHOUT PREJUDICE SUBJECT TO REFILING IN STATE COURT** Plaintiff's state law claims. The Court **ORDERS** injunctive relief, $2,285 in attorney's fees, and $590 in costs from Defendant. The hearing on June 3, 2023 is VACATED.

        The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                      Initials of Deputy Clerk: kdu

CIVIL-GEN